## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | | |
|---|---|---|
| AMBRESHA BATES, COURTNEY GRAHAM, LESTER LIPE, BERTHENA VAUGHN, ALLEN VAUGHN, BARBARA HUGHES, JON HUGHES SR., and TERESA WOODARD, <br><br> *Plaintiffs*, <br><br> v. <br><br> EASTMAN CHEMICAL COMPANY, <br><br> *Defendant*. | § § § § § § § § § § § § § | CIVIL ACTION NO. 2:25-CV-00930-JRG <br> (Lead Case) |
| LINDA DORSEY, DOYLE DORSEY, JO LEE FERGUSON, KATHRYN MCKINNEY, RAEGAN MUSE, AND ROBERT DAVID MUSE, JR., <br><br> *Plaintiffs*, <br><br> v. <br><br> EASTMAN CHEMICAL COMPANY, <br><br> *Defendant*. | § § § § § § § § § § | CIVIL ACTION NO. 2:25-CV-00617-JRG <br> (Member Case) |
| SHERRY MOLPUS, RICHARD MOLPUS, BETTY MOWERY, KISHINA SHAW, JEWEL SHAW, LISA JONES, JOSEPH JONES, MARITA WHITE, and KENNETH WHITE, <br><br> *Plaintiffs*, <br><br> v. <br><br> EASTMAN CHEMICAL COMPANY, <br><br> *Defendant*. | § § § § § § § § § § § § § | CIVIL ACTION NO. 2:25-CV-00981-JRG <br> (Member Case) |

## MEMORANDUM OPINION AND ORDER

Before the Court are: (1) Defendant Eastman Chemical Company's Motion to Dismiss

Plaintiffs' Complaint (Civil Action No. 2:25-cv-00617-JRG, the "617 Case," Dkt. No. 16), filed

on September 4, 2025; (2) Defendant Eastman Chemical Company's Motion to Dismiss Plaintiffs'

Complaint (Dkt. No. 16), filed on November 3, 2025; and (3) Defendant Eastman Chemical Company's Motion to Dismiss Plaintiffs' First Amended Complaint (Civil Action No. 2:25-cv-00981, the "981 Case," Dkt. No. 15), filed on December 1, 2025 (together, the "Motions to Dismiss"). Each of the Motions to Dismiss were filed by Defendant Eastman Chemical Company ("Defendant," or "Eastman"). The Court takes up all three Motions to Dismiss together given that Eastman seeks to dismiss the same claims from each of the above-captioned cases under the same theories.

Having considered the Motions to Dismiss and all related briefing, the Court finds that they should be **GRANTED-IN-PART** and **DENIED-IN-PART**.

## I.      BACKGROUND

Each of the above-captioned cases arises out of allegations that ethylene oxide ("EtO") released into the air from Eastman's production facility in Longview, Texas (the "Longview Facility") has caused some of the Plaintiffs to develop breast cancer. (*See generally* Dkt. No. 1; Civil Action No. 2:25-cv-00981-JRG, Dkt. No. 12; Civil Action No. 2:25-cv-00617-JRG, Dkt. No. 1.) Plaintiffs Linda Dorsey, Doyle Dorsey, Jo Lee Ferguson, Kathryn McKinney, Raegan Muse, and Robert David Muse, Jr. (the "617 Plaintiffs") filed suit against Eastman on June 10, 2025. (Civil Action No. 2:25-cv-00617-JRG, Dkt. No. 1.) Plaintiffs Ambresha Bates, Courtney Graham, Lester Lipe, Berthena Vaughn, Allen Vaughn, Barbara Hughes, Jon Hughes Sr., and Teresa Woodard (the "930 Plaintiffs[1]") filed suit against Eastman on September 3, 2025. (Dkt. No. 1.) Finally, Plaintiffs Sherry Molpus, Richard Molpus, Betty Mowery, Kishina Shaw, Jewel Shaw, Lisa Jones, Joseph Jones, Marita White, and Kenneth White (the "981 Plaintiffs") filed suit against Eastman on September 29, 2025. (Civil Action No. 2:25-cv-00981-JRG, Dkt. No. 1.)

---

[1] Plaintiffs Courtney Graham and Lester Lipe have since voluntarily dismissed their claims against Eastman (*see* Dkt. Nos. 43-46), and accordingly, are not included in the Court's analysis of the case going forward.

The Court consolidated these cases for all pretrial purposes on December 3, 2025. (Dkt. No. 23.) Prior to the consolidation, Eastman filed its Motions to Dismiss. (Civil Action No. 2:25-cv-00617-JRG, Dkt. No. 16; Dkt. No. 16; Civil Action No. 2:25-cv-00981, Dkt. No. 15.)

## II.   LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 66, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A Rule 12(b)(6) motion "tests only the formal sufficiency of the statement of a claim for relief… it is not a procedure for resolving contests about the facts or the merits of a case." *Games People Play, Inc. v. Nike, Inc.*, No. 1:14-cv-00321, 2015 WL 13657672, at *2 (E.D. Tex. Feb. 13, 2015).

In the Fifth Circuit, Rule 12(b)(6) such motions are "viewed with disfavor" and "rarely granted." *Lowrey v. Texas A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997). For such motions, the court must "accept all well-pleaded facts in the complaint as true and view the facts in the light most favorable to the plaintiff." *O'Daniel v. Indus. Serv. Sols.*, 922 F.3d 299, 304 (5th Cir. 2019). However, the Court should "not credit a complaint's legal conclusions or threadbare recitals of the elements of a cause of action." *Mandawala v. Ne. Baptist Hosp., Counts 1, 2, & 11*, 16 F.4th 1144, 1150 (5th Cir. 2021) (internal citation omitted).

In deciding a motion to dismiss, a court may consider not only the pleadings, but also "any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *PHI Grp., Inc. v. Zurich Am. Ins. Co.*, 58 F.4th 838, 841 (5th Cir. 2023) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)).

### III.  ANALYSIS

Eastman first seeks to dismiss as time barred all negligence claims for any Plaintiffs who themselves have been diagnosed more than two years ago with breast cancer (the "Personal Injury Plaintiffs"). (Civil Action No. 2:25-cv-00617-JRG, Dkt. No. 16; Dkt. No. 16; Civil Action No. 2:25-cv-00981, Dkt. No. 15.) Eastman next seeks to dismiss the Personal Injury Plaintiffs' negligence *per se* claims as predicated on an inapplicable statute. (*Id.*) Finally, Eastman seeks to dismiss the derivative loss of consortium claims (brought by the "Consortium Plaintiffs") in light of its assertion that the Personal Injury Plaintiffs' negligence and negligence *per se* claims should be dismissed. (*Id.*) The Court takes up each of these grounds in turn below.[2]

### A.  Statute of Limitations

Eastman first asserts that the negligence and negligence *per se* claims brought by most of the Personal Injury Plaintiffs[3] must be dismissed as time barred.[4] For the reasons discussed below, the Court finds that this portion of Eastman's Motions to Dismiss should be and hereby are **DENIED**.

Under Texas law, personal injury claims are subject to a two-year statute of limitations. TEX. CIV. PRAC. & REM. CODE § 16.003(a). This two-year limitation period applies to the Personal

---

[2] Given the significant overlap between the arguments from both Eastman and all Plaintiffs, the Court in this section typically cites only to the briefing and Complaint in Lead Case No. 2:25-cv-00930-JRG. The Court cites to the Complaint and briefing in the Member Cases only where substantive differences exist.

[3] In particular, Eastman asserts that the claims of the following Personal Injury Plaintiffs should be dismissed: (1) in the 617 case, Eastman contends that the claims of Reagan Muse (diagnosed in 2016), Jo Lee Furguson and Linda Dorsey (diagnosed in 2017), and Kathryn McKinney (diagnosed in 2018) should be dismissed (Civil Action No. 2:25-cv-00617-JRG, Dkt. No. 16 at 3); (2) in the 930 case, Eastman contends that the claims of Barbara Hughes (diagnosed in 2019) and Ambresha Bates (diagnosed in 2022) should be dismissed (Dkt. No. 16 at 3); (3) in the 981 case, Eastman contends that the claims of Betty Mowery (diagnosed in 2011) and Sherry Molpus (diagnosed in 2012) should be dismissed (Civil Action No. 2:25-cv-00981-JRG, Dkt. No. 15 at 3.)

[4] Eastman does *not* contend that the negligence claims of Personal Injury Plaintiffs who allege they were diagnosed within the last two years are time barred. (*See, e.g.*, Dkt. No. 16 at 6-12 (not including Berthena Vaugh, who alleges she was diagnosed with breast cancer in 2025, in its section discussing the statute of limitations).)

4

Injury Plaintiffs' negligence and negligence *per se* claims. *See, e.g., Vine St. LLC v. Keeling*, 361 F. Supp. 2d 600, 605 (E.D. Tex. 2005).

However, the discovery rule applies in this case and delays "the commencement of the limitations period when the nature of the injury is inherently undiscoverable and evidence of the injury is objectively verifiable." *Youngblood v. U.S. Silica Co.*, 130 S.W.3d 461, 464 (Tex.App.–Texarkana 2004, pet. filed). In toxic exposure cases involving latent diseases, the discovery rule defers the accrual of the limitation period "until an innocent and diligent plaintiff discovers his or her injury and its likely cause." *Childs v. Haussecker*, 974 S.W.2d 31, 38 (Tex. 1998). Texas courts have acknowledged that "the value of requiring plaintiffs to bring a claim within a fixed period of time may be outweighed in some latent injury cases by the inequity of depriving a reasonably diligent plaintiff of an opportunity to seek redress at all, as well as the desirability of deterring uneconomical anticipatory lawsuits." *Id*. at 39 (internal citation omitted).

The statute of limitations is an affirmative defense, and to win on it, the asserting defendant bears the burden of conclusively establishing when the cause of action accrued. *See KPMG Peat Marwick v. Harrison Cnty. Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). To that end, "[u]nder Texas law, the statute of limitations… should [typically] be disposed of in a motion for summary judgement, not a motion to dismiss." *Lozano v. Baylor Univ.*, 408 F.Supp.3d 861, 902-03 (quoting *Mattine v. Beakley & Assocs., P.C.*, No. 13-11-00663-CV, 2018 WL 3470596, at &5 (Tex. App. July 19, 2018)). Even where the discovery rule is considered at the motion for summary judgement stage, "[i]nquiries involving the discovery rule usually entail questions for the trier of fact." *Childs*, 974 S.W.2d at 44 (collecting cases). "However, the commencement of the limitations period *may* be determined as a matter of law if reasonable minds could not differ about the

conclusion to be drawn from the facts in the record." *Id*. (emphasis added) (citing *Commercial Standard Ins. Co. v. Davis*, 137 S.W.2d 1, 2 (Tex. 1940)).

In this case, Eastman asserts that the discovery rule did not toll the statute of limitations for the Personal Injury Plaintiffs' claims "because the facts underlying their allegations about the potential cancer risk associated with exposure to EtO from the Longview Facility were in the public domain and received widespread publicity." (Dkt. No. 16 at 7.) Eastman asserts that Plaintiffs' reliance in their allegations on the Environmental Protection Agency's ("EPA") reports from 2018 to 2021 about the potential cancer risk associated with exposure to EtO emitted from the Longview Facility put Plaintiffs on actual or constructive notice of any potential tort claim.

The only binding authority Eastman cites in support of this argument is *United Klans of America v. McGovern*, wherein the Fifth Circuit found that an Attorney General's press conference which "was attended by three major networks, the wire services, and many leading newspapers in the country," with multiple highly-publicized articles reporting on the press conference following the day after, was sufficient to constitute "widespread publicity" such that "plaintiffs may be charged with knowledge of their occurrence" to begin tolling the statute of limitations. 621 F.2d 152, 154 (5th Cir. 1980).

The Court finds that there is no comparable basis on which to find "widespread publicity" of the cancer risk associated with EtO emitted from the Longview Facility which on these facts that would support dismissing the Personal Injury Plaintiffs' negligence claims at the motion to dismiss stage. Eastman places particular emphasis on an August 2021 Longview community meeting with Eastman and the EPA, as well as one local news article and one national news article, referenced in the Complaint. (Dkt. No. 16 at 10-11, citing Dkt. No. 1 at ¶¶ 83 n.40 (local news article), 84-85 n.42-43 (community meeting), 86 n.44 (national news article).) The Court finds that

6

these do not conclusively demonstrate that there was "widespread publicity" sufficient to establish that "plaintiffs may be charged with knowledge of their occurrence" to begin tolling the statute of limitations at the motion to dismiss stage. *See United Klans of Am.*, 621 F.2d at 154. Further, the transcript from the 2021 community meeting includes a statement from Eastman's expert that, "when you put the population into the context… there's not even a single excess cancer risk per year." (Dkt. No. 19 at 10, quoting 2021-08-10-eastman-eto-full-meeting-transcript_ard-reviewed_0.pdf (linked to: Site Specific Information for Ethylene Oxide (EtO) for: Eastman Chemical Texas Operations, Longview, TX, EIS Facility ID Number 4941511, RN 00219815 | US EPA, cited in the Complaint at Dkt. No. 1 ¶ 85 n.13.) Accordingly, in this source, which the Plaintiffs call out in their Complaint, Eastman denied any increased cancer risk at the very community meeting it now points to in asserting that the Personal Injury Plaintiffs' duty to investigate was triggered.

The Personal Injury Plaintiffs plainly allege that they had no reason to suspect that EtO emissions had caused their illness, since it is a colorless and odorless gas and they had lived near the Longview Facility for many years prior to developing symptoms. (Dkt. No. 1 at ¶¶ 21, 87-89, 96-98.) Although the Complaint includes information about EtO's link to cancer which predates some of the Personal Injury Plaintiffs' diagnoses, it does not follow that the availability of this information guaranteed that any "reasonably diligent person [would have sought] information about his or her injuries and their likely causes" pursuant to these reports. *See Childs*, 974 S.W.2d at 47. As discussed above, the Complaint includes references to *some* media attention regarding the link between cancer and the EtO emitted by the Longview Facility in 2021, but nothing comparable to the situation in the *McGovern* case before the Fifth Circuit which Eastman relies on.

The Court finds that Eastman has not met its burden at the motion to dismiss stage to establish—when taking all facts in the light most favorable to the Personal Injury Plaintiffs—that the date by which the Personal Injury Plaintiffs had "knowledge of facts that would cause a reasonably prudent person to make an inquiry that would lead to discovery of the concealed cause of action" was over two years prior to the institution of the above-captioned suits.[5] *Pirtle v. Kahn*, 177 S.W.3d 567, 573 (Tex. App.–Houston [1st Dist.] 2005, pet. denied). Accordingly, the sections of Eastman's Motions to Dismiss seeking to dismiss the Personal Injury Plaintiffs' negligence and negligence *per se* claims in light of the Eastman's statute of limitations defense are **DENIED**.

### B.  Negligence *Per Se*

Eastman next asserts that the Personal Injury Plaintiffs' negligence *per se* claims must be dismissed, as the Plaintiffs improperly rely on alleged violations of Chapter 101 of the Texas Administrative Code ("TAC") as the basis for their claims. (Dkt. No. 16 at 12.)[6] The Personal Injury Plaintiffs rely on Tex. Admin. Code § 101.4 to support their negligence *per se* claims. Section 101.4 of the TAC states that "[n]o person shall discharge from any source whatsoever one or more air contaminants or combinations thereof, in such concentration and of such duration as are or may tend to be injurious to or adversely affect human health or welfare, animal life, vegetation, or property, or as to interfere with the normal use and enjoyment of animal life, vegetation, or property." 30 Tex. Admin. Code § 101.4.

---

[5] Plaintiffs also assert that the continuing tort doctrine and Eastman's "fraudulent concealment" tolled the statute of limitations in each of these cases. (*See* Dkt. No. 19 at 13-17.) These other theories of tolling are not addressed given the Court's determination on the applicability of the discovery rule set forth above.

[6] In the first-filed Motion to Dismiss, filed in the 617 Case, Eastman also asserts that Title 68 of the Tennessee Air Quality Act ("TAQA") cannot serve as the basis of Plaintiff's negligence *per se* claims. (Civil Action No. 2:25-cv-00617-JRG, Dkt. No. 16 at 12-25.) In response, the 617 Plaintiffs stated that they "withdraw their reliance on the [TAQA]" and argued only for application of the TAC. (Civil Action No. 2:25-cv-00617-JRG, Dkt. No. 20 at 20 n.7.) The 930 Plaintiffs made the same representation. (Dkt. No. 19 at 18 n.5.) Accordingly, the Court does not address the arguments regarding whether the TAQA can support negligence *per se* claims in a personal injury action such as this. Accordingly, any reliance on the Tenn. Code. Ann. § 68-201-103 is **DISMISSED** from Plaintiffs' complaints. (*See* Dkt. No. 1 at ¶ 114; Civil Action No. 2:25-cv-00617 Dkt. No. 1 at ¶ 115.)

Whether a statute can support a claim for negligence *per* se is a matter of judicial discretion. *Perry v. S.N.*, 973 S.W.3d 301, 304 n.4 (Tex. 1998). The "threshold questions in every negligence *per se* case are whether the plaintiff belongs to the class that the statute was intended to protect and whether the plaintiff's injury is of a type that the statute was designed to prevent." *Id*. at 305.

However, even if the answer to each of the threshold questions is yes, courts must then consider "a number of factors" to determine "whether it is appropriate to impose tort liability for violations of the statute." *Id*. Courts must examine the statute and determine whether it is appropriate to use the standard set out in a given statute as "defining the conduct of a reasonable and prudent person." *Mieth v. Ranchquest, Inc.*, 177 S.W.3d 296, 305 (Tex. App.–Houston [1st Dist.] 2005) (citing *Carter v. William Sommerville & Son, Inc.*, 584 S.W.2d 274, 278 (Tex. 1979)).

The parties discuss four factors that Texas courts consider: (1) whether permitting a civil action based on a violation of the statute is consistent with legislative intent, *Reeder v. Daniel*, 61 S.W.3d 359, 362 (Tex. 2001); (2) whether the statute is penal in nature, *Pack v. Crossroads, Inc.*, 53 S.W.3d 492, 509 (Tex. App.–Fort Worth 2001, pet. denied); (3) whether a statute describes a mandatory standard of conduct or merely incorporates the ordinarily prudent person standard of care, *Supreme Beef Packers, Inc. v. Maddox*, 67 S.W.3d 453, 456 (Tex. App.–Texarkana 2002, pet. denied); and (4) whether imposing tort liability for a violation of the statute would be "fair, workable, and wise," *Perry*, 973 S.W.2d at 306. The factors a court may consider are "not necessarily exclusive, nor is the issue properly resolved by merely counting how many factors lean each way." *Id*.

As a threshold matter, the Court finds the Personal Injury Plaintiffs belong to the class Section 101.4 of the TAC was intended to protect, and that their injury is among the types of injuries the statute was designed to protect. The statute broadly applies to the discharge of "air

9

contaminants… in such concentration… [as] may tend to be injurious to or adversely affect human health or welfare," which clearly captures the Plaintiffs and their injuries. *See* 30 TEX. ADMIN. CODE § 101.4. Eastman does not contest that the Personal Injury Plaintiffs satisfy these threshold requirements. (*See* Dkt. No. 19 at 18 n.6.)

However, the Court does not find that in this instance it is appropriate to impose tort liability for violations of Section 101.4 of the TAC. It is problematic that the statute does not impose a mandatory standard of conduct. Texas courts have established that "[w]here a statute incorporates the ordinarily prudent person standard, negligence *per se* does not apply because the statute does not establish a specific standard of conduct different from the common-law standard of care." *Supreme Beef Packers*, 67 S.W.3d at 456. In such a case, the negligence *per se* standard is "subsumed under the broad-form negligence question." *Id*. (quoting *Smith v. Cent. Freight Lines, Inc.*, 774 S.W.2d 411, 413-15 (Tex. App.–Houston [14th Dist.] 1989, writ denied); *see also Cudworth v. South Tx. Paisano Const. Co.*, 705 S.W.2d 315, 317 (Tex. App.–San Antonio 1986) ("If, on the other hand, the statute imposes a duty that is not absolute, but rather is conditional, violation of the statute does not constitute negligence *per se*. Instead, the 'reasonable person' standard of common law negligence is read into the statute").

The statute the Personal Injury Plaintiffs rely on involves concentrations of air contaminants that "may tend to be injurious to or adversely affect human health or welfare… or as to interfere with the normal use and enjoyment of animal life, vegetation, or property." 30 TEX. ADMIN. CODE § 101.4. Such a standard of care is not clearly delineated, but instead "requires a person to exercise his or her judgement." *Supreme Beef Packers*, 67 S.W.3d at 456. The Court finds that the Plaintiffs' negligence *per se* claims would indeed be "subsumed under the broad-form negligence question" in this case such that the TAC cannot serve as the basis for these claims.

10

For similar reasons, the Court finds that imposing tort liability on the basis of this statute would not be fair, workable, or wise. *See Perry*, 973 S.W.2d at 307-08 ("A statute that conditions the requirement [set forth in the statute] on [] difficult judgment calls does not clearly define what conduct is required in many conceivable situations"). Accordingly, the Court finds that the portions of the Motions to Dismiss relating to the Personal Injury Plaintiffs' negligence *per se* claims should be and hereby are **GRANTED**.[7]

### C.  Loss of Consortium

Finally, Eastman asserts that the loss of consortium claims of the Consortium Plaintiffs should be dismissed. Eastman makes this argument on the basis that the Consortium Plaintiffs' claims are derivative of their spouse's negligence claims, and Eastman previously argued that the Personal Injury Plaintiffs' negligence claims should be dismissed as time barred. (Dkt. No. 16 at 21.) Since the Court denied the Motions to Dismiss with respect to the Personal Injury Plaintiffs' negligence claims, these portions of the Motions to dismiss are also **DENIED**.

### IV.    CONCLUSION

For the reasons stated herein, Eastman's Motions to Dismiss (Civil Action No. 2:25-cv-00617-JRG Dkt. No. 16; Dkt. No. 16; Civil Action No. 2:25-cv-00981-JRG Dkt. No. 15) are **GRANTED-IN-PART** and **DENIED-IN-PART**.

So ORDERED and SIGNED this 30th day of June, 2026.

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

---

[7] This dismissal is **WITHOUT PREJUDICE**. If, in light of this analysis, Plaintiffs believe another existing statute would support their claims of negligence *per se*, they may amend their operative Complaints within fourteen (14) days hereof for such purpose, but no other.